# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSEPH JASKIEWICZ,

    Plaintiff,

                                                                                                       CASE NO.:

v.

TARGET CORPORATION and
UNKNOWN STORE MANAGER,

    Defendants.

_____/

## DEFENDANT, TARGET CORPORATION'S
## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendant, **TARGET CORPORATION** (hereinafter, "Defendant" or "Target"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 1.06, hereby removes this action from the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

### BACKGROUND

1. On or about March 29, 2022 Joseph Jaskiewicz ("Plaintiff") filed a Complaint against Target Corporation and Unknown Store Manager in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, captioned JOSEPH JASKIEWICZ vs. TARGET CORPORATION and UNKNOWN STORE MANAGER, Case Number 22-001446-CI ("Complaint").

2. On April 4, 2022, Plaintiff served the Summons and the Complaint on Target through its agent for service of process.

3. Target is not required to obtain Defendant Unknown Store Manager's consent for this removal because Unknown Store Manager is a fictitious-name defendant who has not been served. *See Laposa v. Walmart Stores E. LP*, 220CV182FTM29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020).

4. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## AMOUNT IN CONTROVERSY

5. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Plaintiff alleges that this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest and attorneys' fees. (Complaint at ¶1). Plaintiff alleges that he

> suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

(Complaint at ¶ 12).

7. In pre-suit correspondence, Plaintiff's Counsel set forth Plaintiff's alleged medical costs as follows:

| Medical Provider | Total Billed |
|---|---|
| St. Anthony's Hospital | $50,635.82 |
| All Florida Orthopedics | $23,830.00 |
| Westcoast Hospitalists, LLC | $415.00 |
| Bayside Emergency Physicians | $5,026.00 |
| BayCare Medical Group (*Allendale Primary Care*) | $691.00 |
| **Total** | **$80,597.82** |

8. Plaintiff's counsel, based on Plaintiff's purported medical treatment and related costs, made a pre-suit demand of $575,000.

9. Plaintiff was admitted to St. Anthony's Hospital and underwent an open reduction and internal fixation surgery of his left arm for a humerus fracture.

10. Plaintiff also underwent a closed reduction for a dislocated shoulder and needed stitches for a lacerated finger on the left hand.

11. In addition, Plaintiff had at least 32 physical therapy treatments.

12. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) non-monetary relief or (b) a money judgment and the State practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the Court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000.00, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000.00 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

13. "[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (overruled in part on other grounds). "It therefore logically follows that subject matter jurisdiction is

not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) ("Because Henry is, at the time of removal, entitled to seek $78,856.64 in medical expenses (regardless of a future set off), K–Mart has met its burden in establishing the required amount in controversy for federal subject matter jurisdiction. Therefore, the Court denies the motion to remand.").

14. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

15. Taken together, damages alleged in Plaintiff Complaint along with Plaintiff's alleged injuries and medical bills establish, by a preponderance of the evidence, that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs and pursuant to 28 U.S.C § 1332(a).

## DIVERSITY OF CITIZENSHIP

16. The matter in controversy is between citizens of different states.

17. Upon information and belief, Plaintiff is a citizen of the State of Florida. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002)*. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58.

*See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258. Plaintiff alleges that he is a "natural person residing in Pinellas County, Florida." (Complaint, at ¶2).

18. Target is a citizen of Minnesota. Specifically, Target is incorporated in Minnesota, and its principal place of business is in Minneapolis, Minnesota.

19. The citizenship of Unknown Store Manager is disregarded for removal purposes. *See* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded"). Target may ultimately argue that Unknown Store Manager is fraudulently joined, but because the citizenship of Unknown Store Manager is disregarded for removal purposes, this "obviates the need to consider fraudulent joinder at the removal stage of the proceedings." *Laposa,* 2020 WL 2301446, at *1.

20. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as Defendant, and the citizenship of "Unknown Store

Manager" is disregarded. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## **PROCEDURAL COMPLIANCE**

21. This Court has original jurisdiction of this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

22. This Notice of Removal is timely because it was filed within 30 days after receiving the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

23. Removal to the Tampa Division of this Court is appropriate under Local Rules 1.04(a) because the action was filed in Pinellas County, Florida.

24. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached hereto "**Composite Exhibit A**."

25. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the State Court Clerk contemporaneously with the filing of this Notice of Removal with this Court.

*[remainder of page intentionally left blank]*

**WHEREFORE**, Defendant, **TARGET CORPORATION**, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 22-001446-CI to the United States District Court for the Middle District of Florida, Tampa Division.

    Respectfully submitted,

    **HILL WARD HENDERSON**

    /s/Cory J. Person_____
    Cory J. Person, Esq. (FBN 32950)
    cory.person@hwhlaw.com
    Lead Counsel
    Sherilee J. Samuel, Esq. (FBN 017499)
    sherilee.samuel@hwhlaw.com
    101 East Kennedy Boulevard
    Tampa, FL 33602
    Ph. 813.221.3900
    Fax 813.221.2900
    **ATTORNEYS FOR DEFENDANT, TARGET CORPORATION**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via *CM/ECF* **JOSEPH A. KOPACZ, ESQUIRE**, Attorney for Plaintiff at jkopacz@forthepeople.com and dknetzer@forthepeople.com on **May 3, 2022**.

    /s/Cory J. Person_____
    HILL WARD HENDERSON
    **ATTORNEYS FOR DEFENDANT, TARGET CORPORATION**