IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JOSEPH JASKIEWICZ,

  Plaintiff,

-vs-                                        CASE NO.:

TARGET CORPORATION and
UNKNOWN STORE MANAGER,

  Defendants.
_____/

## COMPLAINT

Plaintiff, JOSEPH JASKIEWICZ ("JASKIEWICZ"), by and through the undersigned counsel, hereby sues Defendants, TARGET CORPORATION ("TARGET"), and UNKNOWN STORE MANAGER, and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, JASKIEWICZ, is a natural person residing in Pinellas County, Florida.

3. At all times material to this action, Defendant, TARGET, is a Florida profit corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, TARGET, operated a store located at 8151 Dr. Martin Luther King Jr. St N., St. Petersburg, Florida.

5. On or about August 5, 2021, Plaintiff, JASKIEWICZ, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. As JASKIEWICZ was shopping, heading towards the electronics section, he slipped and fell on a large, dirty tracked through substance that was left on the floor.

7. At said time and place, Plaintiff JASKIEWICZ, was a lawful guest upon the premises of the Defendant who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT TARGET CORPORATION

8. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as is fully set forth herein.

9. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

10. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous

       condition of large substance left on the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floor for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect and maintain for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

l) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

m) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

11. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on the large dirty substance left on the floor of the premises.

12. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT II – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT UNKNOWN STORE MANAGER

13. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as is fully set forth herein.

14. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

15. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

    e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of large substance left on the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

    f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floor for dangerous conditions;

    g) Negligently failing to train and/or inadequately training its employees to inspect and maintain for dangerous conditions;

    h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

    i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

    j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

    k) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

    l) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

    m) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on the large dirty substance left on the floor of the premises.

17. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JASKIEWICZ, sues the Defendant, TARGET CORPORATION and UNKNOWN STORE MANAGER, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

DATED this 29th day of March, 2022.

*s/ Joseph Kopacz*
Joseph A. Kopacz, Esquire
Morgan & Morgan Tampa P.A.
35686 US Highway 19 N
Palm Harbor, FL 34683
Tele:  (727) 275-6093
Fax:  (727) 275-6113
Florida Bar #:
Primary E-Mail: jkopacz@forthepeople.com
Secondary E-Mail: dknetzer@forthepeople.com
Attorney for Plaintiff