**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSEPH JASKIEWICZ,**

      **Plaintiff,**

-vs-

                                 **CASE NO.: 8:22-cv-01037-MSS-CPT**

**TARGET CORPORATION**
**UNKNOWN STORE MANAGER**

      **Defendants.**
_____/

**PLAINTIFF'S MOTION FOR REMAND AND**
**MEMORANDUM OF LAW**

Pursuant to 28 U.S.C. §1447 and Rule 3.01, Local Rules of the U.S. District Court for TheMiddle District of Florida, Plaintiff, JOSEPH JASKIEWICZ ("JASKIEWICZ") by and through his undersigned counsel, files this Motion For Remand and Memorandum of Law asking this Court for an Order remanding this case to the Circuit Court for the Thirteenth Judicial Circuit, in and forHillsborough County, Florida and as grounds states:

1.      On March 29, 2022, JASKIEWICZ filed his Complaint in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Complaint was properlyserved on TARGET CORPORATION.

2.      The Complaint, on its face, states a negligence cause of action against TARGET, and direct negligence action against UNKNOWN STORE MANGER, who is Florida Resident.

**WHEREFORE**, PLAINTIFF, JASKIEWICZ, moves for an Order remanding this case to the Circuit Court for the Thirteen Judicial Circuit, in and for Hillsborough County, Florida,  and granting such other and further relief that is just and appropriate.

## BACKGROUND

The facts set forth on the face of the Complaint and the other documents presented are insufficient to establish this Court's jurisdiction, as more fully set forth below. As such, this caseshould be remanded to the Circuit Court in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

## MEMORANDUM OF LAW

The Notice of Removal asserts that this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 and 1446. Specifically, 28 U.S.C. § 1332(a) provides thata district court shall have original jurisdiction over parties who are **citizens from different states** when the amount in controversy exceeds $75,000.00.

### I.      GENERAL LAW GOVERNING REMOVAL

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (holding that "removal statutes are construed narrowly when the parties dispute jurisdiction, uncertainties are resolved in favor of remand). The principle of strict construction of 28 U.S.C. §1441 is particularly applicable in cases involving diversity of citizenship. *Gober v. Allstate Ins. Co.*, 855 F. Supp. 158 (S.D. Miss. 1995); *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S. D. Ala. 1986). Uncertainties are resolved in favor of remand. *Burnette v. Regions Bank,* No. 5:15-cv-567-Oc-32PRL, 2016 WL 1644182, at *1 (M.D. Fla. Apr.26, 2016).

### II.     THE FACE OF THE COMPLAINT ESTABLISHES COMPLETE DIVERISTY OF THE PARTIES

Defendant has failed to meet its burden to remove this case to this Court. Plaintiff has clearly pleaded a cause of action against TARGET's employee.

This Court addressed a very similar issue in *Nelson v. Boston Market Corporation*, 2017 WL 393870, (M.D. Fla. January 30, 2017). In *Nelson*, this Court found it was appropriate to namethe unknown Defendant employee in the Complaint and assert correct name when identified in discovery. *Id*. at p. 3. As in *Nelson*, it is clear Plaintiff has a direct negligence action against the employee as the person in control of the premises at the time of this fall. Plaintiff did not merely attempt to assert a new claim against a non-diverse defendant after this case was removed. *See Id*.at p. 3 citing *Lucy v. ABC Ins. Company*, 1995 WL 688786 (E.D. La. Nov. 17, 1995)(granting motion to amend complaint post-removal in order to correctly identify John Doe defendants fictitiously named in the original complaint).

## III.    ALL DEFENDANTS HAVE NOT CONSENTED TO REMOVAL

Section 1446(a) of 28 U.S.C. requires that "[a] defendant or defendants desiring to removeany civil action ... shall file ... a notice of removal." Despite the ambiguity of the term "defendantor defendants," it is well established that removal generally requires unanimity among thedefendants. *See, e.g., Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247, 20 S.Ct. 854, 855,44 L.Ed. 1055 (1900) ("if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one...."); *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition").

TARGET has failed to get consent among all the Defendants in order to remove this matter to this Court. Based on this reason alone, this matter should be remanded back to the State Court.

### IV.    THE AMOUNT IN CONTROVERSY

In its Notice of Removal, Defendant provides this Court no evidence to support its contention this matter is worth over $75,000 other than a vague reference to Plaintiff's pre-suit demand letter which was completely ignored by the Defendant. Plaintiff contends that her pre-suit demand letter does not establish the amount in controversy. *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:20-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish amount in controversy for purposes of diversity jurisdiction"). A settlement offer is relevant but it is not determinative of the amount in controversy. *Piazza v. Ambassador II JV, L.P., et al.*, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218 at *1 (M.D. Fla. July 21, 2010). A settlement demand provides only "marginal evidence of the amount in controversy" because the plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages sought by the plaintiff. *Id* at *1 (citing *Standridge v. Wal-Mart Stores, Inc*., 945 F. Supp. 252, 256-57 (N.D. Ga. 1996)).

**Defendant has provided this Court with zero evidence to support removal in the instant action. Defendant failed to notify this Court it made a zero offer and rejected Plaintiff's attempts to resolve this matter for $75,000 or under.**

At this juncture, Defendant has requested the Court to speculate as to what damages the jury will find Plaintiff has sustained and to the amount the jury will ascribe to such damages. To ask this Court to assign monetary value to any of the categories of damages alleged in Plaintiff's Complaint would require the Court to engage in rank speculation. *See Lutz v. State Farm Mutual Automobile Insurance Company*, No. 8:17-cv-2821-T-33MAP, 2017 WL

5958071, at *2 (M.D. Fla. Dec. 1, 2017) (slip op.)

The amount in controversy is not facially apparent from the Complaint and the Notice of Removal does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Consequently, the Defendant has failed to meet its burden.

## V.     CONCLUSION

This cause should be remanded to State Court because the Notice of Removal does not clearly and unambiguously establish federal jurisdiction.

## GOOD FAITH CONFERENCE

Pursuant to the local rules, undersigned counsel has conferred with Defendants' counsel who opposed subject motion.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this Motion to Remand, award payment of just costs and actual expenses, including attorney's fees, pursuant to 28 U.S.C. 1447, and any other relief the Court deems necessary and just.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on May 13, 2022 to: Cory J. Person, Esquire, Hill Ward Henderson, 3700 Bank of America Plaza, 101 East Kennedy Blvd., P.O. Box 2231, Tampa, FL  33601.

/s/ *Joseph A. Kopacz*

Joseph A. Kopacz, Esquire
Morgan & Morgan Tampa P.A.
35686 US Highway 19 N
Palm Harbor, FL 34683
Tele:  (727) 275-6093
Fax:  (727) 275-6113
Florida Bar #:
Primary E-Mail: jkopacz@forthepeople.com
Secondary E-Mail: dknetzer@forthepeople.com
Attorney for Plaintiff