UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH JASKIEWICZ,

        Plaintiff,

vs.                                                    Case No.:  8:22-cv-01037-MSS-CPT

TARGET CORPORATION and
UNKNOWN STORE MANAGER,

        Defendant.
_____/

**DEFENDANT, TARGET CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM OF LAW**

Defendant, **TARGET CORPORATION** (hereinafter, "Target"), by and through its undersigned counsel, hereby responds in Opposition to Plaintiff's Motion to Remand and Memorandum of Law (Doc. 5). In support thereof, Target states as follows:

### INTRODUCTION

On or about March 29, 2022 Plaintiff filed this lawsuit alleging he slipped and fell while a guest at a Target store. As a result of the slip and fall, Plaintiff claims that he suffered injuries and related damages. On May 3, 2022 Target removed this action from the Circuit Court for the Sixth Judicial Circuit to this Court (Doc. 1). Target removed this action based, in part, on pre-suit correspondence from Plaintiff's counsel dated February 8, 2022, wherein

Plaintiff's counsel represented Plaintiff's medical costs allegedly related to Plaintiff's slip and fall at Target as follows:

| Medical Provider | Total Billed |
|---|---|
| St. Anthony's Hospital | $50,635.82 |
| All Florida Orthopedics | $23,830.00 |
| Westcoast Hospitalists, LLC | $415.00 |
| Bayside Emergency Physicians | $5,026.00 |
| BayCare Medical Group (*Allendale Primary Care*) | $691.00 |
| **Total** | **$80,597.82** |

In this correspondence, Plaintiff's counsel further stated that Plaintiff was admitted to St. Anthony's hospital and underwent an open reduction and internal fixation surgery of his left arm, and attended at least 32 physical therapy appointments related to his injuries and surgery. Plaintiff's counsel, presumably based at least in part on Plaintiff's medical costs and treatment, presented a pre-suit demand of **$575,000**.

In his lawsuit, Plaintiff specifically claims that he

> …suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Plaintiff now argues that the case must be remanded arguing there is a lack of complete diversity and that Plaintiff's pre-suit demand is insufficient to establish the amount in controversy threshold pursuant to § 1332(a). Plaintiff's Motion fails to articulate a valid basis for remand, and therefore the Motion should be denied.

## MEMORANDUM OF LAW

### I. Target Has Established Diversity of the Parties, and Therefore Remand is Improper

Plaintiff makes two arguments claiming lack of diversity in this case: (1) that the claim against the "unknown store employee" defeats diversity; and (2) that the "unknown store employee" did not consent to removal. Plaintiff's motion clearly ignores well-established law that the Court disregards a fictitious name for the purpose of removal. *See* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded").

Even if 'the fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction.'" *Laposa v. Walmart Stores E. LP*, 2020 WL 2301446, at *1 (M.D. Fla. May 8, 2020) (citing *Smith v. Comcast Corp.*, 786 Fed. App'x 935, 939 (11th Cir. 2019)). For a removed case, diversity jurisdiction is determined at the time of removal. *Id.*

Plaintiff cites *Nelson v. Boston Market Corporation*, 2017 WL 393870, (M.D. Fla. January 30, 2017) in support of his argument, but *Nelson* is distinguishable from this case. In *Nelson*, contemporaneous with filing the Motion for Remand, Plaintiff filed a Motion to Amend and First Amended Complaint,

wherein the plaintiff specifically named the previously "unknown store manager." In analyzing Nelson's Motion for Remand, Motion to Amend, and First Amended Complaint the Court applied the factors set forth in *Hengens v. Deere & Co.*, 833 F. 2d 1179 (5th Cir. 1987) to determine whether remand was proper.

In this case, Plaintiff ***has not*** identified ***any*** store manager or other employee in his Complaint or Motion to Remand. Plaintiff has not filed a Motion to Amend or proposed an amended complaint in order for the Court to consider the *Hensgens* factors.[1] Accordingly, Plaintiff cannot now claim that the residence of the "unknown store manager" can defeat this Court's diversity jurisdiction. Likewise, Plaintiff's claim that "all defendants have not consented to removal" is without merit. Consent of a fictitious named defendant that has not been served is not required for removal. See *Laposa,* 2020 WL 2301446, at *1. As such, there remains complete diversity between Plaintiff and Target, and removal to this Court is proper.

## II. Target Has Established the Amount in Controversy by a Preponderance of the Evidence, and Therefore, Removal is Proper

Plaintiff next claims that Target has "failed to allege that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold amount." (Doc. 5, at pg. 4, sub-part IV). In support of her argument, Plaintiff claims that Target

---

[1] As noted in its Notice of Removal, Target may ultimately argue that Unknown Store Manager is fraudulently joined, but because the citizenship of Unknown Store Manager is disregarded for removal purposes, this "obviates the need to consider fraudulent joinder at the removal stage of the proceedings." *See Laposa v. Walmart Stores E. LP*, 2020 WL 2301446, at *1 (M.D. Fla. May 8, 2020).

"provides…no evidence to support its contention this matter is worth over $75,000 other than a vague reference to Plaintiff's pre-suit demand letter…" As an initial matter, Plaintiff is correct that Target does not agree that this matter is worth $75,000, but Target's analysis of Plaintiff's claims' worth is immaterial here. The question, as it relates to removal, is whether the ***amount in controversy*** exceeds $75,000. In his Motion for Remand, Plaintiff completely ignores the fact that his pre-suit demand set forth, in detail, medical expenses in excess of $80,000, purportedly related to his alleged slip and fall.

Plaintiff cites several cases in support of his proposition that "Plaintiff's settlement offer is nothing more than mere posturing" and does not automatically establish the amount in controversy. Nevertheless, a demand letter "supported by documented medical bills and specific medical diagnoses [ ]…may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." *Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015) (citing *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012)). In *Thompson v. Columbia Sussex Corp.*, 2:16-CV-435-FTM-29CM, 2016 WL 6134868, at *3 (M.D. Fla. Oct. 21, 2016), the Court found:

> Here, Plaintiffs' pre-suit demand not only references medical bills totaling $67,000, it also lists three medically-diagnosed conditions (arm fracture, facial contusions, and shoulder strain), resulting in 13% upper extremity impairment and 8% "whole person" impairment. Accordingly, the Court finds that Plaintiffs' pre-suit demand credibly supports the conclusion that the value of Mrs. Thompson's claim exceeded $75,000 at the time of removal. *Id.*; *see also Moraguez v. Walgreen Co.*, No. 6:15-CV-1579-ORL-28TBS, 2015 WL 7863008, at *2 (M.D. Fla. Dec. 3, 2015).

Notably, in *Thompson*, the plaintiffs submitted affidavits after removal claiming the case was valued less than $75,000 and agreeing to settle the case for less than $75,000. *Id*. However, the Court found that the plaintiffs' **post-removal** "willingness" to settle the case for less than the jurisdictional amount was too little too late. *Id*. at *4, n. 6 (emphasis added). Rather, plaintiffs' medical bills and medical diagnoses established by a preponderance of the evidence that, at the time of removal, the amount-in-controversy requirement was satisfied. *Id*. at *4.

Similarly here, Plaintiff's counsel's correspondence referenced medical bills totaling over the jurisdictional minimum and identified multiple fractures, surgery, numerous physical therapy appointments and diagnostic tests. Unlike *Thompson*, however, Plaintiff is not arguing that the amount in controversy is less than $75,000; rather, he is arguing that Target has failed to meet its burden of establishing that the amount in controversy exceeds $75,000. (Doc. 5, at p. 5). *See Devore v. Howmedica Osteonics Corp.*, 658 F.Supp.2d 1372, 1380 (M.D.Fla.2009) ("plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy.").

The law on this issue is clear that Target properly relied upon the medical bills to establish by a preponderance of the evidence that the amount in controversy requirement was met. This is not a case where Plaintiff's

correspondence merely demanded an amount over the jurisdictional minimum without more. *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) ("courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'")

An illustrative case is *Russell v. Target Corp.*, 2:14-CV-377-FTM-29CM, 2014 WL 3908171, at *1 (M.D. Fla. Aug. 11, 2014). In that case, the plaintiff demanded $245,000 based on injuries, impairments, damages and losses, and past medical bills of the specified amount of $64,397.36. After removal, the plaintiff argued that damages remained "too speculative" to determine the amount in controversy or support removal, and the settlement offer itself may not be determinative. *Id.* The Court disagreed:

> In the Complaint (Doc. # 2), plaintiff alleges that she "suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expenses, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff, Elisabeth Russell, will suffer losses in the future." (Doc. # 2, ¶¶ 11, 16.) The Court finds that the specified incurred medical expenses coupled with the allegations of permanent or continuing losses, more than adequately meet the requisite amount in controversy by a preponderance of the evidence, and that defendant met its burden.

*Id.*

Likewise, in this case, Target properly relied upon Plaintiff's claim that his losses "are either permanent or continuing" along with the medical expenses set forth in Plaintiff's demand letter, in removing this action.

"[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (overruled in part on other grounds). "It therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) ("Because Henry is, at the time of removal, entitled to seek $78,856.64 in medical expenses (regardless of a future set off), K–Mart has met its burden in establishing the required amount in controversy for federal subject matter jurisdiction. Therefore, the Court denies the motion to remand."). A plaintiff cannot defeat subject matter jurisdiction by reducing her claim after removal has taken place. *Id.* (citing *Freeport–McMoran, Inc., v. KN Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (noting the Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events")).

The cases relied upon by Plaintiff are distinguishable, and actually provide further support for Target's removal of this action. In *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 2010 WL 6790539 (M.D. Florida, November 5, 2010) the Court noted that plaintiff's pre-suit demand did "not indicate the exact nature of

[plaintiff's] required medical treatment or detail any substantial medical expenses." *Id.* at *1.  Nevertheless, the court held that removal was proper where plaintiff's more detailed post-suit demand, coupled with plaintiff's refusal to admit that the amount in controversy was less than $75,000, established the amount in controversy by a preponderance of the evidence.  *Id.* at *3.

In *Piazza v. Ambassador II JV, L.P.*, 2010 WL 2889218 (M.D. Florida, July 21, 2010), the court noted "defendants rely exclusively on the demand letter to establish the amount in controversy.  However, the demand letter states that the plaintiff has incurred **only $14,963.48** in medical expenses." *Id.* at *1 (emphasis added).  Unlike the defendants in *Piazza*, however, in this case Target relies, in part, on Plaintiff's demand letter that represents medical expenses in excess of $80,000.  Plaintiff provides no support for the suggestion that Target's refusal to present a counter-offer to Plaintiff's demand is in any way relevant to the amount in controversy analysis or requirement.

## CONCLUSION

Target has established that there is complete diversity among the named parties to this lawsuit.  Further, Target made specific factual allegations, supported by evidence combined with reasonable deductions, inferences, and extrapolations, and has demonstrated by a preponderance of the evidence that this civil action exceeds $75,000, exclusive of interest and costs. *Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir. 2001) ("Suffice it to say that while damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the

damages as a matter of just and reasonable inference."). Therefore, this Court has jurisdiction over this case. See 28 U.S.C. § 1332(a)(1).

WHEREFORE, Defendant, **TARGET CORPORATION**, respectfully requests the Court deny Plaintiff's Motion to Remand, continue to exercise jurisdiction over this matter, and award such other relief as this Court deems just and proper.

**HILL WARD HENDERSON**

/s/ Cory J. Person
Cory J. Person (FBN 32950)
cory.person@hwhlaw.com
Sherilee J. Samuel (FBN 017499)
sherilee.samuel@hwhlaw.com
Nicole Walsh (FBN 11196)
nicole.walsh@hwhlaw.com
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
*Attorneys for Defendant, Target Corporation*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **May 27, 2022**, I electronically filed the foregoing with the Clerk of the Court by using the *CM/ECF* system and furnished a copy via email to **JOSEPH A. KOPACZ, ESQUIRE**, Attorney for Plaintiff at jkopacz@forthepeople.com and dknetzer@forthepeople.com.

/s/ Cory J. Person
HILL WARD HENDERSON, P.A.
*Attorneys for Target Corporation*